UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 NOV -1  A 10: 28

**Julian E. Rochester**, # 171519,  ) C/A No. 2:06-3085-HMH-RSC
aka *Julian Edward Rochester*,  )
                                 )
                    Petitioner,  )
                                 )
                                 )       **ORDER**
vs.                              )    [Pre-Filing Review]
                                 )
**South Carolina Department of Corrections**; and  )
**State of South Carolina**,     )
                                 )
                    Respondents. )

# Background of this Case

The petitioner, who is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC), is under an order of pre-filing review. See Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977). See also Order of January 29, 1996, in the matter entitled In Re: Julian Edward Rochester, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

The pleadings in the above-captioned case were received by the Clerk's Office in Greenville on October 26, 2006. Since the petitioner is

1

under an order of pre-filing review, the Office of the Clerk of Court requested judicial authorization for the Clerk Office's to assign a civil action number. On October 30, 2006, the undersigned authorized the Clerk's Office to assign a civil action number to this matter. The petitioner seeks a writ of mandamus to "force" the South Carolina Department of Corrections to correct the petitioner's sentences "to 1981 & 1983 laws and release him" and pay the petitioner $300,000 in "inmate pay."

The petitioner, on October 18, 1990, in the Court of General Sessions for Oconee County, was convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature. He received an "active" sentence of fifty (50) years.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following

precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The petitioner cannot obtain mandamus relief in this federal court against the respondents. Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. See 28 U.S.C. § 1361; and Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official **of the United States**. See, e.g., Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986); and Ocean Breeze Park, Inc. v. Reich, 853 F. Supp. 906, 915, 1994 U.S.Dist. LEXIS® 7264 (E.D.Va. 1994), *affirmed*, Virginia Beach Policeman's Benevolent Association v. Reich, 96 F.3d 1440, 1996 U.S.App. LEXIS® 28823, 1996 WESTLAW® 511426 (4th Cir., June 5, 1996)[Table]. Hence, the petitioner cannot obtain mandamus-type relief in

this court against the respondents in the above-captioned case because the respondents are state entities.

In Gurley, supra, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript. The district court in Gurley denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley v. Superior Court of Mecklenburg County, 411 F.2d at 587.

The holding in Gurley was followed by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74, 1988 U.S.App. LEXIS® 9176 (2nd Cir. 1988). In Davis v. Lansing, the Court ruled

that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also* Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985). In Craigo, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under Boyce v. Alizaduh, *supra*, and Todd v. Baskerville, *supra*, and, therefore, was subject to summary dismissal. Craigo v. Hey, *supra*, 624 F. Supp. at 414. *Accord* Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479, 1988 U.S.Dist. LEXIS® 5053 (W.D.Pa. 1988); and Robinson v. Illinois, 752 F. Supp. 248, 248-249 & n. 1, 1990 U.S.Dist. LEXIS® 8246 (N.D.Ill. 1990).

Moreover, both defendants are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See, e.g.*, Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S.

LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961). Cf. Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 146 L.Ed.2d 836, 120 S.Ct. 1858, 2000 U.S. LEXIS® 3428 (2000)(a State is not a person for purposes of qui tam liability); and Principality of Monaco v. State of Mississippi, 292 U.S. 313 (1934)(State immune from suit by foreign country), which is cited in Barry v. Fordice, 814 F. Supp. 511, 517, 1992 U.S.Dist. LEXIS® 20893 (S.D.Miss. 1992)("The plaintiffs argue that the defendants'

reliance on Monaco is misplaced. Unlike the instant litigation, in Monaco, the plaintiffs in Monaco brought an original action in the United States Supreme Court and named the State of Mississippi as a defendant. This distinction is irrelevant as to the issues before this court. Nothing in the Monaco opinion suggests that a different result would have occurred if the action had been filed originally in a district court rather than the Supreme Court. On the contrary, the Eleventh Amendment principles set forth in Monaco have been expressly relied upon in actions which were originally brought in federal district courts."), *affirmed*, 8 F.3d 1, 1993 U.S.App. LEXIS® 29115 (5th Cir. 1993).

Under Pennhurst State School & Hospital v. Halderman, supra, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court. Higgins v. Mississippi, 217 F.3d 951, 2000 U.S.App. LEXIS® 15330 (7th Cir. 2000)("A state may, it is plain, waive its Eleventh Amendment immunity from being sued in federal court either legislatively, . . . or by an explicit waiver in the lawsuit in which it is named as a defendant, . . . provided that the waiver is authorized by state law."), where the Court ruled that a federal court could raise an Eleventh Amendment matter on its own initiative. The State of South Carolina has not consented

to suit in a federal court. *See* a provision in the South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws, which expressly states that the State of South Carolina does *not* waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *Cf.* <u>Pennhurst State School & Hospital v. Halderman</u>, supra, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

# OTHER MATTERS

**Any future filings by the petitioner in this case should be sent to the Clerk's Office in Charleston (Post Office Box 835, Charleston, South Carolina 29402).** The petitioner must place the Civil Action Number (C/A No.) listed above on any document filed in connection with this case. All pleadings filed in this case by the petitioner shall be signed by the petitioner with his full legal name written in his own handwriting. *Pro se* litigants, such as the petitioner, shall *not* use the

"s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, the petitioner is directed to use letter-size paper,[2] to write or type text on one side of a sheet of paper only, and **not to write or type on both sides of any sheet of paper.**[3] The petitioner is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

The petitioner is a *pro se* litigant. His attention is directed to the following important notice:

> TO THE PETITIONER:
>
> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that

---

[2]Letter-size paper is 8½ inches by 11 inches. The federal district courts stopped accepting pleadings on legal-size paper in 1983. *See, e.g.*, United States v. White, 53 F.Supp.2d 976, 981, 1999 U.S.Dist. LEXIS® 9867 (W.D.Tenn. 1999). *Cf.* Supreme Court Rule 34.1, and Second Circuit Miscellaneous Form CTA2 Sentence Corr. Fed. ("The Judicial Conference of the United States has adopted the 8½ X 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper.").

[3]Pursuant to Section 205 of the E-Government Act of 2002, Pub. L. 107-347, December 17, 2002, 111 Stat. 2899, this court has implemented Case Management-Electronic Case Filing (CM-ECF). For this purpose, *pro se* filings are scanned to create electronic docket records. Therefore, the use of only one side of a sheet of paper is required. **Also, double-sided pages are difficult to "scan" into the CM-ECF system.** The pleading in the above-captioned contains writing on both sides of the sheets of paper.

specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address **and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court.** Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

If your prison or jail address changes in the future, you must provide your new prison or jail address (or your new address if you are released from prison or jail).

# *Conclusion*

The above-captioned case is, hereby, dismissed *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion

originally tabled at 993 F.2d 1535 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since at least two circuits have concluded that a mandamus-type action may count as a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g), the above-captioned case is also deemed to be a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See* Green v. Nottingham, 90 F.3d 415, 417-420 (10th Cir. 1996); and In re Washington, 122 F.3d 1345 (10th Cir. 1997).

The Clerk of Court shall ***not*** authorize the issuance and service of process in this case, unless instructed to do so by a United States District Judge or a Senior United States District Judge. The Clerk of Court is directed to keep this case "open" until the ten-day period for the petitioner to file a timely appeal to a United States District Judge has expired.

If the petitioner does not file a timely appeal from this order, the Clerk of Court *shall*, then, "close" the above-captioned matter.[4]  If the petitioner

---

[4]This Graham v. Riddle procedure of closing the case – unless the plaintiff or petitioner files an appeal to a United States District Judge – eliminates the need for a United States District Judge to review frivolous or repetitive pleadings. Even so, if the petitioner files an
(continued...)

files a timely appeal from this order, the above-captioned matter should be forwarded to the Honorable Henry M. Herlong, Jr., United States District Judge, for a final order. The petitioner's attention is directed to the **two (2) important notices** on the next two pages.

IT IS SO ORDERED.

November 1, 2006  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

# NOTICE TO THE PETITIONER

The order in the above-captioned matter **(Civil Action No. 2:06-3085-HMH-RSC)** is reviewable **only by a United States District Judge**, if a timely appeal is filed. Under Fed. R. Civ. P. 72(a), the time period for filing an appeal is **ten (10) days**. If the petitioner files an appeal, it should be sent to the following address:

**Larry W. Propes**, Clerk of Court  
United States District Court  
**Post Office Box 835**  
Charleston, South Carolina **29402**

---

(...continued)  
appeal, the petitioner will be entitled to *de novo* review. See 28 U.S.C. § 636(b).

## IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

### WARNING TO *PRO SE* LITIGANTS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System.

*YOU* ARE RESPONSIBLE FOR PROTECTING YOUR IDENTITY FROM POSSIBLE THEFT. *YOU* MUST REMOVE CERTAIN *PERSONAL IDENTIFYING INFORMATION* FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING. IT IS NOT THE COURT'S RESPONSIBILITY TO REMOVE PERSONAL IDENTIFYING INFORMATION FROM YOUR DOCUMENTS BEFORE THEY ARE ELECTRONICALLY DOCKETED.

Under the Privacy Policy of the Judicial Conference of the United States, *a litigant, whether represented by counsel or appearing pro se, must not put certain types of the litigant's (or any other person's) personal identifying information in documents submitted for filing to any United States District Court.* This rule applies to **ALL** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party for filing. If the litigant finds it necessary to submit a document containing personal identifying information, the litigant must "black out" or redact the personal identifying information prior to submitting the document to the Office of the Clerk of Court for filing.

1. Types of personal information that **MUST** be removed or redacted from documents before filing:

**(a) Social Security numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number shall be used.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child shall be used.
**(c) Dates of Birth.** If an individual's date of birth must be included in a pleading, only the year shall be used.
**(d) Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers shall be used.
**(e) Juror Information.** If a document containing identifying information about a juror or potential juror must be filed (*e.g.*, verdict form or indictment), all personal information identifying a juror or potential juror must be redacted.

2. Other sensitive personal information of the litigant (or any other person) that should be considered for possible removal or redaction:

Any personal identifying number, including a driver's license number; medical records; employment history; individual financial information; proprietary or trade secret information; information regarding an individual's cooperation with the government; information regarding the victim of any criminal activity; national security information; and/or sensitive security information described in 49 U.S.C. § 114(s).