IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Julian E. Rochester, #171519, ) | |
| ) | |
| Petitioner, ) | C.A. No. 2:06-3085-HMH-RSC |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| South Carolina Department of Corrections ) | |
| and the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on appeal of the United States Magistrate Judge's order dismissing Julian E. Rochester's ("Rochester") petition seeking a writ of mandamus against the South Carolina Department of Corrections and the State of South Carolina.[1] Rochester filed "objections" to Magistrate Judge Robert S. Carr's order issued in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[2]

On October 26, 2006, the Clerk's Office in Greenville received Rochester's petition seeking a writ of mandamus. In his order, Magistrate Judge Robert S. Carr dismissed Rochester's petition without prejudice and without issuance and service of process because a federal district court may issue a writ of mandamus only against an employee or official of the

---

[1] Rochester is under an order for pre-filing review. See Graham v. Riddle, 554 F.2d 133, 134-35 (4th Cir. 1977); (Order of January 29, 1996, No. 2:95-MC-131).

[2] The Magistrate Judge's order has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the order to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the order made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

United States and because both defendants are immune from suit under the Eleventh Amendment.

Objections to the Magistrate Judge's order must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the order of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Rochester's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's order, or merely restate his claims. Further, after a de novo review of the pleadings, the reasons given by the Magistrate Judge for dismissing Rochester's petition, and Rochester's objections, the court finds that his objections are without merit, and that the Magistrate Judge correctly found that Rochester's petition should be dismissed. As such, the court expressly adopts the Magistrate Judge's order.

It is therefore

**ORDERED** that Rochester's petition for writ of mandamus relief is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 01, 2006

**NOTICE OF RIGHT TO APPEAL**

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

O:\R&R'S\mandamus\06-3085.wpd